IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger

Criminal Action No. 17-cr-00230-MSK

UNITED STATES OF AMERICA,

 Plaintiff,

v.

ALEXANDER ISAIAH PEREZ,

 Defendant.
_____

OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE AND
GRANTING MOTION TO WITHDRAW §2255 PETITION
_____

  **THIS MATTER** comes before the Court pursuant to Mr. Perez's Motion for Compassionate Release **(# 88)**, and his Motion to Withdraw **(# 90)** his November 2019 Petition **(# 81)** pursuant to 28 U.S.C. § 2255.

  In August 2018, Mr. Perez pled guilty to one count of Production of Child Pornography, 18 U.S.C. § 2251(a).  In November 2018, the Court sentenced him to a term of 240 months imprisonment **(# 78)**.

  A. Motion for Compassionate Release

  Mr. Perez's *pro se* motion, which the Court construes liberally pursuant to *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), requests a modification of his sentence pursuant to 18 U.S.C. § 3582(c).  Mr. Perez states that because he is 24 years old, he is "within the concerned age range of contracting and dying from" the COVID-19 pandemic; that "prisons are a 'hot spot' for" the virus, and that "several inmates throughout the [federal prison] system" – including inmates at USP Marion, where he is presently housed, "ha[ve] already contracted and died from

the virus." Mr. Perez also refers to other aspects of his physical condition that render him particularly susceptible to complications should he contract COVID-19, including his Hispanic heritage, that he has a family history of diabetes, breast, and colon cancer (although he does not claim to have been diagnosed with any of these conditions), that he was exposed to secondhand smoke as a child, that he has a heart murmur, that he is underweight, that he has mental health disorders, and that he suffers from low testosterone and low Vitamin D levels.

The Court summarily finds that Mr. Perez's application fails to present even a *prima facie* case for compassionate release. The Court may reduce a previously-imposed sentence under 18 U.S.C. § 3582(c) if, among other things, the requested reduction is "consistent with the applicable policy statements issued by the Sentencing Commission." Section 1B1.13 of the Sentencing Commission Guidelines permit the Court to reduce a term of imprisonment if: (i) "extraordinary and compelling circumstances warrant the reduction" and (ii) the factors set forth in 18 U.S.C. § 3553(a) would otherwise be satisfied by such a reduction. The Guidelines define "extraordinary and compelling circumstances" as existing where, among other alternatives: (i) the defendant is suffering from a terminal illness with an end of life trajectory; (ii) the defendant is suffering from a serious physical or mental condition or age-related deterioration that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility"; (iii) the defendant is 65 years old or older, suffering from a serious deterioration in physical or mental health due to aging, and has served at least 75% of his term of imprisonment. §1B1.13, *comment* 1(A)-(C). Mr. Perez does not satisfy any of these categories.

The existence of the COVID-19 pandemic does not change that outcome. At a minimum, the Court would require that Mr. Perez demonstrate that he possesses one or more of

the factors identified by the Centers For Disease Control as increasing a person's risk of serious complications from contracting COVID-19.[1] Mr. Perez does not claim to personally possess any of these characteristics. (A family history of certain conditions is not identified by the CDC as a risk factor.)

In any event, Mr. Perez's eligibility for compassionate release would still require an assessment of the factors of 18 U.S.C. § 3553(a). The Court addressed those factors at length during Mr. Perez's initial sentencing, and few of those factors would be affected by the current COVID-19 pandemic. At most, Mr. Perez indicates that pandemic-related restrictions on prison programming prevent him from obtaining the necessary psychological treatment Mr. Perez requires. But Mr. Perez does not indicate that he will be any more successful in obtaining that same ongoing psychological treatment if he were released. The COVID-19 pandemic does not just affect prisons, it affects the entire nation and services that might once have been readily available in communities are also subject to restrictions and cancellations to avoid needlessly spreading COVID-19. In fact, it may be that Mr. Perez's release would <u>hinder</u>, rather than promote, his ability to obtain the continuing psychological treatment he requires.

The Court further notes that, according to the BOP's COVID-19 tracking page, Mr. Perez's facility, USP Marion, has reported only 2 confirmed cases of COVID-19 among inmates and 5 among staff, placing it among the BOP facilities with the lowest incidence of COVID-19 spread. This suggests that the measures that the BOP has taken to reduce the spread of COVID-19 as USP Marion have been effective, minimizing the likelihood that Mr. Perez will be exposed to, much less contract, COVID-19. And, in any event, Mr. Perez has not shown that the USP

---

[1] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

Marion facility lacks the ability to provide him with appropriate medical care should he contract the virus.   This is particularly true given Mr. Perez's failure to demonstrate that he possesses any risk factors that would be expected to result in significant complications from the disease.

Mr. Perez was convicted of a serious crime and given a lengthy sentence, one which he has completed only a short fraction of.   For the reasons stated above, thus, the Court finds that Mr. Perez has not shown that reconsideration of the 18 U.S.C. § 3553(a) factors would result in a determination that he is an appropriate candidate for compassionate release under 18 U.S.C. §3582(c).   Accordingly, his motion is **DENIED**.

      **B.   Motion to Withdraw §2255 Petition**

On November 12, 2019, Mr. Perez filed a petition (**# 81**) to vacate his sentence pursuant to 28 U.S.C. § 2255.   The Government filed a response (**# 85**). Recently, Mr. Perez filed a motion (**# 90**) requesting to withdraw his §2255 petition.   Mr. Perez's motion explains that he has "discovered that his claim was of no merit" and that he instead wishes to "research other meritable claims."   Mr. Perez requests that the dismissal of his petition be "without prejudice to filing another original §2255 motion."   In response, the Government contends that because Mr. Perez concedes that his initial petition is "without merit," the Court should deem any subsequent §2255 petition by Mr. Perez to be a "second or successive" petition requiring Circuit Court approval under 28 U.S.C. §2255(h).   *Citing U.S. v. Ramos*, 759 Fed.Appx. 718, 720-21 (10th Cir. 2019) (where defendant conceded that initial withdrawn petition was without merit, subsequent petition was treated as a second or successive for §2255(h) purposes).

The Court declines to reach the question of how to characterize a hypothetical future §2255 petition from Mr. Perez because such a ruling might be merely advisory.   It may be that Mr. Perez never files a new §2255 petition.   (Indeed, the operation of 28 U.S.C. § 2255(f)'s one-

year limitation period would seem to bar Mr. Perez from bringing any future petition other than one based on newly-discovered evidence or newly-established rights.)   Thus, the Court makes no findings as to how a future petition by Mr. Perez will be treated, although Mr. Perez is cautioned to give careful consideration as to whether he should first seek Circuit Court approval of a future petition under §2255(h).

Accordingly, the Court **GRANTS** Mr. Perez's Motion to Withdraw **(# 90)** his §2255 petition and that petition **(# 81)** is **DEEMED WITHDRAWN**.   Mr. Perez's Motion for Compassionate Release **(# 88)** is **DENIED**.

Dated this 27th day of August, 2020.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Senior United States District Judge